By the Court.—Sedgwick, J.
The following was the plaintiff's case : The plaintiff carried on the business of making medicines, at No. 1378 Broadway, from May, 1870, to March 1, 1871. At that time the company let the street floor of that building to one Smith, and the basement of it to one Zieger. The company was then in possession of three thousand five hundred and twenty-four bottles of medicine, in paper boxes and boxes of other kinds. At that time the company sold one thousand bottles of the medicine to Zieger, to be taken from the paper boxes, and at his request allowed the other two thousand five hundred and twenty-four bottles to remain in the premises. They were all piled up in the cellar of the building. From time to time an agent of the company called at the building and saw these medicines in the cellar. On February 3, 1872, a fire occurred in the premises. A short time before the fire the agent called on Zieger, and told him that the company intended to take out the medicines and divide it among the stockholders. After the fire the *409 agent found that some of the boxes that had held the medicines were smoked by the fire. He could not discover that any of the medicines had been destroyed or injured by the fire. He looked into two or three of the boxes, saw that bottles of medicine were in them, counted the boxes, and calculated that there were two thousand six hundred and thirty-four bottles of medicine. A few days after he called and found none of the medicine- there.
About April 23, 1872, the president of the company, who was a witness on the stand, had an interview with the defendant, at his place of business, in Seventh avenue. The president did not know what quantity of medicine the company had on hand when it stopped business, nor any knowledge of the facts relating thereto, down to his seeing the defendant. He asked the defendant if he had taken any medicine from 1328 Broadway. The defendant said he had. The witness told him that the property belonged to the company, and demanded its return by the defendant. The defendant took him to a place where there was a large pile of boxes containing medicine. The defendant said he had taken that from 1328 Broadway, and under a mortgage which Mr. Zieger bad given him for loaned money. The witness asked the defendant if he had taken all the medicine that was there, and the reply was yes ; and that the mortgage was on all the whole place, fixtures and everything, the witness thought the defendant said. The medicine was in boxes, and the witness thought in wooden boxes. The boxes had the appearance, the witness thought, of having been smoked or burned a little in a fire, as the witness understood the defendant. The witness could not in any way identify the boxes as having come from Ho. 1328 Broadway, only as the defendant said they had.
This being, in substance, the case for the plaintiff, I am of opinion that the court was right in dismissing the. *410 complaint. Indeed, apart from the defendant',s declarations, the facts, which if sufficiently proven, and of sufficient weight, would show the identity of the property-in defendant's possession, with the property of the company, taken as alleged from No. 1328 Broadway, was; slight, vague, almost imponderable, and were shown by witnesses, who, from the face of their testimony, were not certain in their minds as to the existence of the facts. As to the defendant's declarations, there is nothing tending to show that he had taken that part of the medicine in 1328 Broadway which belonged to the plaintiff, excepting that to a question of the witness, whether he, the defendant, had taken all there was in 1328 Broadway, the defendant said he had. One consideration is conclusive to my mind on this point. There is nothing tending to show the time when the defendant took what was in his possession. If it was after the fire, there was nothing tending to show that the goods which the plaintiffs' agent saw, had not been removed in parcels, and that the last parcel taken was all that was left, was all taken by the defendant, and was the property sold by the plaintiff to Zieger.
The judgment should be affirmed with costs.
SPEIR, J., concurred.